UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FREDDIE L. OSBORNE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:05-0500 |
| ) | Judge Campbell |
| WAYNE BRANDON, WARDEN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

The petitioner, Freddie L. Osborne, proceeding *pro se*, is a prisoner in the Turney Center Industrial Prison and Farm ("Turney Center") in Only, Tennessee. He brings this action under 28 U.S.C. § 2254 seeking federal *habeas corpus* relief. Osborne names Wayne Brandon, Warden at Turney Center, as the respondent.

On July 30, 1998, a jury found Osborne guilty on one count of a four-count drug-related indictment. (Add. 1, pp. 1-2, 50)[1,2] Judgment was entered on October 13, 1998. (Add. 1, p. 50) Osborne's sentence was enhanced and he was sentenced to thirty-two years and six months in the Tennessee Department of Correction (TDOC). (Add. 1, pp. 49-50)

Following an unsuccessful motion for a new trial, Osborne filed a notice of appeal on January 12, 1999. (Add. 1, pp. 52, 54, 60) In his brief on direct appeal, Osborne raised a single issue: whether Tenn. Code Ann. § 39-17-432 (The Drug-Free School Zone Act) was unconstitutionally vague, overly broad, failed to put potential offenders on notice of their potential criminal liability, and constituted excessive punishment under the Eighth and Fourteenth

---

[1] The respondent was permitted to file the record in paper format rather than electronically. (Docket Entry No. 20) All references to the record of proceedings in state court pertain to the documents filed as part of Docket Entry No. 21.

[2] The respondent has not complied with Rule 8(a)(1)(a), Local Rules of Court which requires that documents such as those submitted as part of Docket Entry No. 21 be "paginated progressively beginning with the principal document, and continuing through the last page of the document, including exhibits." Moreover, many of the pages in the Document No. 21 are illegible and/or contain more than one page reference. Although it is the respondent's responsibility to present his case, the Court will endeavor to clarify references to the record where ambiguities exist.

Amendments. (Add. 9, p. 4) The Tennessee Court of Criminal Appeals ("Court of Criminal Appeals") affirmed the judgment of the trial court on March 31, 2000. (Add. 11) Osborne filed an application for permission to appeal in the Tennessee Supreme Court which was denied on November 6, 2000. (Add. 12, 14) Osborne did not file a petition for a writ of *certiorari* in the United States Supreme Court.

Osborne filed a post-conviction petition on June 20, 2001. (Add. 15, pp. 2-9)[3] In his petition, Osborne raised numerous claims of ineffective assistance of counsel, challenged the sufficiency of the evidence, alleged that defense counsel denied him the right to testify in his own behalf, and claimed that the trial court erred in not charging facilitation as a lesser included offense. (Add. 15, pp. 3-8) Osborne subsequently amended his facilitation claim to allege that defense counsel was ineffective for failing to request the jury instruction at issue. (Add. 15, p. 30)

An evidentiary hearing was held on October 15, 2002 at which the post-conviction court ruled from the bench that defense counsel provided ineffective assistance by not requesting a hearing under Rule 609, Tenn. R. Evid. to determine whether evidence of prior convictions would be admissible prior to advising Osborne not to testify. (Add. 16, pp. 97-98) Anticipating an appeal, the State requested that the post-conviction court rule on all of the issues raised. (Add. 16, p. 98) The post-conviction court agreed to set forth its findings in a written Order as to Osborne's remaining claims. (Add. 16, p. 98)

On March 13, 2003, prior to the entry of a final Order from the evidentiary hearing, the State moved to reopen the post-conviction proceedings. (Add. 15, pp. 36-37) Thereafter, on August 12, 2003, another hearing was held in which the post-conviction court reasserted its finding of ineffective assistance of counsel on the Rule 609 issue, adding that defense counsel also was

---

[3] The page numbers referred to in Addendum 15 are to the "Bates" stamped numbers at the bottom of the page.

ineffective for not requesting a jury instruction on the lesser included offense of facilitation. (Add. 16b, pp. 3-13) The post-conviction court rejected Osborne's remaining claims and denied the State's motion to reopen the proceedings. (Add. 16b, pp. 13-16) The post-conviction court granted the petition, vacated the conviction, and ordered a new trial. (Add. 15, pp. 61-62.; Add. 16b, p. 15-16)

The State filed a notice of appeal on August 19, 2003. (Add. 15, p. 58) In its brief, the State raised a single issue: whether defense counsel rendered ineffective assistance by not seeking a hearing under Rule 609. (Add. 17, p. 1) In his brief, Osborne responded to the issue raised by the State and added a second issue: whether defense counsel was ineffective for not requesting a charge of facilitation as a lesser included offense. (Add. 18, p. 1)

On April 3, 2004, the Court of Criminal Appeals reversed the judgment of the post-conviction court. (Add. 19) Osborne filed an application for permission to appeal in the Tennessee Supreme Court which was denied on January 24, 2005. (Add. 20-21) Once again, Osborne did not file a petition for a writ of *certiorari* in the United States Supreme Court.

Osborne filed the instant petition on June 15, 2005.[4] (Docket Entry No. 1) In it, he raises the following four grounds for relief:

> 1) Defense counsel provided ineffective assistance by not requesting a hearing under Rule 609 to determine the admissibility of Osborne's prior convictions before advising him not to testify;
>
> 2) Defense counsel provided ineffective assistance by not requesting a jury instruction on the lesser included offense of facilitation;
>
> 3) Tenn. Code Ann. § 39-17-432 is unconstitutional; and

---

[3] The envelope in which Osborne mailed his petition is stamped as having been delivered to the Turney Center mailroom on June 15, 2005. Under Rule 3(d), Rules – Section 2254 Cases, this is the date that Osborne is deemed to have filed his petition.

3

> 4) The post-conviction court erred in permitting the State to reopen post-conviction proceedings thereby enabling the State to file its appeal after the time to do so had expired.

(Docket Entry No. 1, ¶¶ 12.A-D, pp. 5-6)  The respondent filed an Answer and supporting documentation on September 14, 2005 (Docket Entry No. 13, 21),[5] in response to which Osborne filed a "traverse and rebuttal" on September 27, 2005 (Docket Entry No. 12) as to issue 4 above.

## ANALYSIS

Title 28 U.S.C. § 2254(d) provides the following with respect to granting writs of *habeas corpus* to prisoners who are in custody pursuant to a state court judgment:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The "unreasonable application" of clearly established federal law differs from an "incorrect application." *Williams v. Taylor*, 529 U.S. 362, 411 (2000).  Under the former, "a federal habeas corpus court may grant the writ if the state court identifies the governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*.

---

[5] The respondent filed his Answer on September 14, 2005 as Part 1 of Docket Entry No. 9.  When the respondent was permitted to file the record of the proceedings in paper form, the respondent also re-filed his answer in paper form as Docket Entry No. 13.

4

The latter clause is satisfied when a state court "arrives at a conclusion opposite that reached by the Court on a question of law or if the state decides a case differently that the Court has on a set of materially indistinguishable facts." *Id*. Further, where state courts have made factual determinations regarding issues presented for federal *habeas corpus* review, such determinations are presumed to be correct and a petitioner has the burden of rebutting that presumption of correctness by clear and convincing evidence. *Id*. at § (e)(1). Under the Anti-Terrorism and Effective Death Penalty Act of 1996, the purpose of federal *habeas corpus* review is to "ensure that state court convictions are given effect to the extent possible under the law," not to conduct a federal re-trial. *Bell v. Cone*, 535 U.S. 685, 693 (2002).

>Ineffective Assistance of Counsel for Not Requesting a Hearing
>Under Rule 609, Tennessee Rules of Evidence to Determine the
>Admissibility of Prior Convictions

Osborne alleges that defense counsel's failure to request a hearing under Rule 609 as to the admissibility of his prior convictions amounted to ineffective assistance of counsel. (Docket Entry No. 1, ¶ 12.A, p. 5) The respondent argues that the Court of Criminal Appeals' decision to reverse the post-conviction court's determination on this issue was not contrary to clearly established federal law as established by United States Supreme Court precedent. (Docket Entry No. 13, pp. 13-14)

To prevail on a claim of ineffective assistance of counsel, a petitioner must show deficient performance and prejudice to the defendant. *See Bell*, 535 U.S. at 694-95. Trial counsel's performance is deficient when it falls below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 686-87 (1984); *Combs v. Coyle*, 205 F.3d 269, 278 (6th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000). In determining whether an attorney performed in an objectively unreasonable manner, courts employ "highly deferential" scrutiny. *Strickland*, 466 U.S. at 689. To satisfy the prejudice requirement, an ineffective assistance claimant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

5

would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. "The determinative issue is not whether petitioner's counsel was ineffective but whether he was so thoroughly ineffective that defeat was 'snatched from the jaws of victory.'" *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996)(quoting *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992)(*en banc*), *cert. denied*, 508 U.S. 975 (1993)).

The record shows that the Court of Criminal Appeals identified *Strickland* as the standard governing claims of ineffective assistance of counsel. (App. 19, p. 3) In its analysis, the Court of Criminal Appeals concurred in the post-conviction court's determination that defense counsel's representation was deficient with respect to this issue. (App. 19, p. 3) However, after reviewing the evidence adduced at the post-conviction evidentiary hearing on this issue in the context of *Strickland*, the Court of Criminal Appeals determined "[t]hat evidence the petitioner provided at the post-conviction hearing has not shown that there is a reasonable probability that the jury would have found [him] not guilty." (App. 19, p. 6) Concluding that Osborne had not shown that he was prejudiced, the Court of Criminal Appeals determined that he had failed to establish both parts of the two-part test under *Strickland* and, as such, he had failed to show that he received ineffective assistance of counsel with respect to this issue..

The record shows that the Court of Criminal Appeals not only identified the appropriate standard governing claims of ineffective assistance of counsel, but that it applied that standard correctly in determining that Osborne was not prejudiced by defense counsel's failure to request a Rule 609 hearing. Osborne not only has not shown that the Court of Criminal Appeals' factual determinations regarding this issue are not entitled to the presumption of correctness, he has not shown that the Court of Criminal Appeals' determination was contrary to clearly established United States Supreme Court precedent. This claim is without merit.

Ineffective Assistance of Counsel for Not Requesting a Jury

6

Instruction on the Lesser Included Offense of Facilitation

Osborne asserts that defense counsel provided ineffective assistance of counsel for not requesting a jury charge on the lesser included offense of facilitation. (Docket Entry No. 1, ¶ 12., p. 5) The respondent argues that the Court of Criminal Appeals's decision to reverse the post-conviction court's determination on this issue was not contrary to clearly established federal law as established by United States Supreme Court issue. (Docket Entry No. 13, pp. 16-17)

As previously noted, *supra* at p. 6, the Court of Criminal Appeals identified *Strickland* as the standard governing claims of ineffective assistance of counsel. In analyzing this claim, the Court of Criminal Appeals determined that, at the time of Osborne's trial, "facilitation should have been charged, 'where the facts could cause reasonable minds to conclude that the defendant lacked the intent to promote, or assist in, or benefit from the felony's commission.'" (Docket Entry No. 13, p. 7) However, in viewing the evidence adduced at trial in the context of the lesser included offense of facilitation, the Court of Criminal Appeals determined that "a reasonable mind could not conclude that the petitioner lacked the intent to promote, or assist in or benefit from the felony's commission when presented the evidence" as required to establish the offense of facilitation. (Docket Entry No. 13, p. 7) Applying *Strickland* to its analysis, the Court of Criminal Appeals determined that, because reasonable minds would not have concluded that Osborne was guilty of the lesser included offense of facilitation, defense counsel's representation not only was not deficient, Osborne had failed to show that he was prejudiced. (Docket Entry No. 13, p. 17)

The record shows that the Court of Criminal Appeals not only identified the appropriate standard governing claims of ineffective assistance of counsel, but that it applied that standard correctly in determining that defense counsel's representation was not deficient and that Osborne was not prejudiced. Once again, Osborne not only has not shown that the Court of Criminal Appeals' factual determinations regarding this issue are not entitled to the presumption of

7

correctness, he has not shown that the Court of Criminal Appeals' determination was contrary to clearly established United States Supreme Court precedent. This claim is without merit.

<u>Constitutionality of Tenn. Code Ann. § 39-17-432</u>

The petitioner, incorporating his brief on direct appeal, claims that Tenn. Code Ann. § 39-17-432 is unconstitutional because it: 1) is vague; 2) is overbroad; 3) does not place potential defendants on notice of their potential criminal liabilities; 4) constitutes excessive punishment under the Eighth and Fourteenth Amendments. (Docket Entry No. 1, ¶ 12.C, p. 6) The respondent argues that this claim was fully adjudicated in state court and that the decision of the Court of Criminal Appeals was not contrary to nor an unreasonable application of federal law. (Docket Entry No. 13, pp. 17-19)

A review of the record shows that this claim was, in fact, fully adjudicated on direct appeal. (Add. 11) As previously noted, when a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision that was contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. Osborne has, once again, not offered clear and convincing evidence to rebut the presumption of correctness that must be accorded to factual findings made by state courts, or that the legal reasoning of the Court of Criminal Appeals on this issue runs contrary to federal law.

In addition to the foregoing, a Judge of this Court has previously ruled that Tenn. Code Ann. § 39-17-432 is not unconstitutional on the grounds enumerated 1), 2), and 4) above. *See Smith v. Morgan*, No. 3:04-0775 (M.D. Tenn., Sept. 20, 2005)(Nixon, J.). There is nothing in Osborne's brief on direct appeal, or elsewhere in the record, that would support the conclusion that the Court's earlier ruling on this issue was in error.

As to Osborne's claim that Tenn Code Ann. § 39-17-432 does not place potential defendants on notice of their potential criminal liabilities, the statute provides the following:

8

> (b)(1) A violation of § 39-17-417, or a conspiracy to violate such section, that occurs on the grounds or facilities of any school or within one thousand feet (1,000') of the real property that comprises a public or private elementary school, middle school, secondary school, preschool, child care agency, or public library, recreational center or park shall be punished one (1) classification higher than is provided in § 39-17-417(b)-(i) for such violation.
>
> (2) In addition to any other penalty imposed by this section, a person convicted of violating this subsection shall also be subject to the following:
>
> (A) Upon conviction of a Class E felony, a fine of not more than ten thousand dollars ($10,000);
>
> (B) Upon conviction of a Class D felony, a fine of not more than twenty thousand dollars ($20,000);
>
> (C) Upon conviction of a Class C felony, a fine of not more than forty thousand dollars ($40,000);
>
> (D) Upon conviction of a Class B felony, a fine of not more than sixty thousand dollars ($60,000);
>
> (D) Upon conviction of a Class A felony, a fine of not more than one hundred thousand dollars ($100,000).

As shown above, Tenn. Code Ann. § 39-17-432 provides ample notice to would-be offenders of their potential criminal liabilities.

For the reasons explained above, Osborne's challenge to the constitutionality of Tenn. Code Ann. § 39-17-432 is without merit.

### Trial Court Error in Permitting the State to Reopen Post-Conviction Proceedings

9

The petitioner argues that the post-conviction court erred in permitting the State to reopen the post-conviction proceedings. (Docket Entry No. 1, ¶ 12.D, p. 6) The respondent argues that Osborne: 1) "fails to appreciate and understand the procedural posture of the case"; 2) did not raise this claim in state court prior to raising it in the instant proceedings; 3) has not stated a constitutional violation regarding how his case was adjudicated on post-conviction. (Docket Entry No. 13, pp. 19-21)

The record supports the respondent's argument that this claim is unexhausted. Were this claim cognizable in federal *habeas corpus*, further exhaustion/waiver analysis would be required. However, the law is well established that the application of state procedural rules is beyond the purview of federal *habeas corpus* review. *See Baze v. Parker*, 371 F.3d 310, 323 (6th Cir. 2004)(citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). Because this claim pertains to the application of state procedural rules, it is beyond the scope of federal *habeas corpus* review and, as such, it is without merit.

## CONCLUSION

As explained herein, Osborne is not entitled to federal *habeas corpus* relief on any of the grounds raised. Accordingly, his petition for federal *habeas corpus* relief will be denied and this action dismissed.

_____
Todd Campbell
District Judge

10